UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                      :

TRAVIS FORBES,                       :

                   Plaintiff,      :

          -v-                :         25 Civ. 5472 (JPC) (BCM)

                       :

CITY OF NEW YORK, *et al.*,      :          ORDER

                       :

              Defendants.    :

                       :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

       The Court is in receipt of Defendants' motion to dismiss Plaintiff's Complaint, Dkts. 25-27, Plaintiff's brief in opposition, Dkt. 28 ("Opposition"), and Defendants' reply in support of their motion, Dkt. 30 ("Reply").  Relevant here, Plaintiff's brief in opposition requests leave to amend his Complaint in the event that the Court grants any part of Defendants' motion.  Opposition at 22-23.  Plaintiff states that he "can, if necessary, supplement his allegations with addition detail . . . to further bolster his claims." *Id.*; *see, e.g.*, *id.* at 16 ("Plaintiff acknowledges that the Complaint does not detail specific actions by Sgt. Chuck Cao, other than identifying him as a supervising officer in the detective squad. . . .  Accordingly, Plaintiff consents to dismissal of the claims against Sgt. Cao without prejudice at this juncture.").  Relatedly, Defendants' reply in support of their motion to dismiss argues that "Plaintiff is raising new factual allegations in his Opposition for the first time." Reply at 1; *see also id.* at 2 ("If these allegations were part of Plaintiff's case they should have been alleged in the original Complaint.").

       Without expressing any views regarding the merits of Defendants' motion to dismiss, it is the Court's view that it is in the interests of justice to allow Plaintiff an opportunity to amend his Complaint by May 12, 2026, to provide more detailed factual allegations.  *See* Fed. R. Civ. P.

15(a)(2) (providing that courts should grant leave to amend "when justice so requires").  If Plaintiff decides not to file an Amended Complaint by that date, or files an Amended Complaint which does not address the purported deficiencies identified in Defendants' motion to dismiss, any dismissal of Plaintiff's claims may be with prejudice.  *See In re Eaton Vance Mut. Funds Fee Litig.*, 403 F. Supp. 2d 310, 319 (S.D.N.Y. 2005) ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." (internal quotation marks omitted)).

Accordingly, Plaintiff may file an Amended Complaint by May 12, 2026.  Should Plaintiff file an Amended Complaint by that date, the Court would deny Defendants' pending motion to dismiss without prejudice and allow Defendants, without filing a premotion letter, to move to dismiss Plaintiff's Amended Complaint by June 9, 2026, with Plaintiff's opposition due June 23, 2026, and Defendants' reply in support of their motion due June 30, 2026.  Should Plaintiff opt not to file an Amended Complaint by May 12, 2026, the Court will resolve the pending motion to dismiss.

SO ORDERED.

Dated: April 15, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge

2